UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

**MTM DEVELOPMENT CORPORATION,**
**and PRESERVE PROPERTY MANAGEMENT**
**COMPANY, LLC,**

      *Plaintiffs*,

v.                                              1:24-00181-WES-PAS

**CAVALIER HOMES, INC. d/b/a**
**CLAYTON TINY HOMES,**
**CAVALIER HOME BUILDERS, LLC, and**
**CMH MANUFACTURING, INC.**
      *Defendants*.

---

**MOTION FOR LEAVE TO TAKE LIMITED 30(b)(6) DEPOSITIONS**
**REGARDING PURPORTED DATA BREACH**

---

Pursuant to Fed. R. Civ P. 30(a)(2)(A),[1] Defendants request leave to take Fed. R. Civ. P. 30(b)(6) depositions of Defendants MTM Development Corporation ("MTM") and Preserve Property Management Company, LLC ("Preserve") (MTM and Preserve, collectively, "Plaintiffs") on limited topics related to a purported data breach that is Plaintiffs' most recent reason for not providing complete responses to Defendants' discovery requests. In support of their Motion, Defendants state as follows:

On May 10, 2024, Plaintiffs filed this action arising out of the purchase of five tiny homes that Cavalier manufactured and had delivered to Plaintiffs by July 2020. (Dkt. No. 1). The Complaint asserted damages for "loss of use of the units, loss of rental income, and costs to repair."

---

[1] Defendants requested to conduct these depositions by agreement without Court intervention. Plaintiffs do not stipulate to the taking of the requested depositions.

1

(Dkt. No. 1). On December 17, 2024, Defendant Cavalier Home Builders, LLC ("Cavalier") propounded its First Set of Interrogatories and Requests for Production. (Exhibit A).

On February 24, 2025, Plaintiffs issued responses to the discovery requests. (Exhibit B). In response to Request for Production 21 seeking communications with any person about renting the homes, Plaintiffs objected on the basis of work product, attorney-client privilege, overly broad, unduly burdensome, and seeking confidential and proprietary information. (Exhibit B, RFP 21). In response to Request for Production 29 seeking documents that "reference or depict Your alleged damages in this action," Plaintiffs' response read, in its entirety: "[t]his request seeks communications protected by the attorney-client privilege and work-product doctrine. This request seeks an expert opinion from MTM." (Exhibit B, RFP 29).

On May 2, 2025, Cavalier filed a Motion to Compel Discovery Responses. (Dkt. No. 26). In their Response, Plaintiffs asserted that "Document Request 29 seeks information regarding Plaintiffs damages, *which Plaintiffs provided*." (Dkt. No. 7) (emphasis added). At that time, Plaintiffs had produced a one-page spreadsheet entitled "Clayton Homes Rental Loss Analysis" setting out their purported damages dating back to May of 2019. (Exhibit C, MTM001366). Defendants continued to demand production of all communications with actual or potential renters of the homes and relevant financial information from which lost profits and other damages could be calculated or challenged. (Dkt. No. 28). Plaintiffs continued their refusal to produce documents.

The Court held discovery conferences on June 3 and August 4, 2025. As a result of the August 4 conference, Plaintiffs produced five supplemental pages of discovery on August 29 consisting of screenshots of yearly summaries from MTM or Preserve's[2] financial and reservation management system from 2022 to 2025. (Exhibit D, August 29 Production). Plaintiffs failed to

---

[2] It is not clear which entity serves what function or controls the financial and reservation management system.

2

produce any communications, raw data, or screenshots from any of the at least 17 other tabs shown on the screenshots produced.

During the August 4 conference, the Court agreed to set the matter down for hearing on the Defendants' motion, which was ultimately held on October 2, 2025. The night prior to the October 2nd hearing, while discussing logistics for the hearing, Plaintiffs *for the first time* asserted that they suffered a data breach in 2022 that resulted in loss of data from 2019 to 2022. Plaintiffs then made that representation to the Court at the hearing, stating that they could not produce many documents from the 2019-2022 timeframe due to the claimed data breach. Following that hearing, on October 9, counsel for Defendants contacted Plaintiffs' counsel, requesting that Plaintiffs agree to "a limited 30(b)(6) deposition for the purposes of establishing the scope of the cyber event so we can understand what data may have previously existed and what was compromised." That request was refused later that same day, with Plaintiffs' counsel advising that they would only proceed with a full 30(b)(6) and directing Defendants to issue additional interrogatories for the information. Given Plaintiffs' previous objection that Defendants had exceeded the number of available interrogatories, the Defendants now seek to conduct a limited 30(b)(6) deposition to determine the scope and extent of the purported data breach which is apparently preventing reasonable discovery into the Plaintiffs claimed damages.

District courts nationwide permit "discovery about discovery" where the completeness of a party's responses is "reasonably drawn into question." *See e.g. Crocs, Inc. v. Effervescent, Inc.,* 2017 WL 1325344, at *8 (D. Colo. 2017); *Ruiz-Bueno v. Scott,* 2013 WL 6055402 at *4 (S.D. Ohio Nov. 15, 2013) (permitting discovery on opposing party's ESI search where "concern about the volume of ESI appears to be reasonably grounded" and "defendants were less than forthcoming with information" about their search); *Hubbard v. Potter,* 247 F.R.D. 27, 29 (D.D.C. 2008)

3

104739254.v1

(collecting cases permitting such discovery where there is a "reasonable deduction that other documents may exist or did exist and have been destroyed."). In fact, former Fed. R. Civ. P. 26(b)(1) expressly permitted discovery regarding "the existence, description, nature, custody, condition, and location of any documents or tangible things." But the Advisory Committee removed such language because "[d]iscovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long Rule 26 with these examples." Fed. R. Civ. P. 26 Advisory Committee Notes.

Here, it cannot be disputed that Plaintiffs' document production is incomplete. After seven months of lodging varying objections and asserting that production was complete, Plaintiffs now assert that their production is incomplete due to a purported data breach. Therefore, Defendants are entitled to "discovery about discovery" surrounding the data breach for multiple reasons.

First, such discovery is necessary to permit Defendants to challenge the assertion that responsive information was, in fact, lost to a data breach. It cannot be disputed that Plaintiffs were "less than forthcoming" with information regarding the data breach, having only first divulged it seven months into a discovery dispute just prior to an on the record hearing before the Court. *Ruiz-Bueno,* 2013 WL 6055402 at *4. Second, discovery is necessary to understand what data remains or potentially could be resurrected or replicated. If there truly is no data from 2019 to 2022, then Plaintiffs have no way to prove their damages stemming from homes delivered in 2020. Even the "Clayton Homes Rental Loss Analysis" demonstrates that Plaintiffs were able to rent all homes by January 2022. (Exhibit C). Third, such discovery could result in disclosure of alternative sources for responsive information through subpoenas or depositions. This discovery is necessary prior to full substantive depositions on the merits in order to determine what discovery materials, if any, were affected by the data breach and if there are other avenues to discovery or obtain the affected

information prior to proceeding with a full deposition of the Plaintiff entities or their employees and agents

Therefore, Defendants request the Court grant it leave to depose corporate representatives of MTM and Preserve pursuant to the Notices of Deposition attached hereto as Exhibits E and F.

**Respectfully Submitted,**
**DEFENDANTS,**
**CAVALIER HOMES, INC. d/b/a**
**CLAYTON TINY HOMES, CAVALIER**
**HOME BUILDERS, LLC, and CMH**
**MANUFACTURING, INC.**

By their Attorneys,

*/s/ James C. Bass*

James C. Bass, Esquire (#10061)
jbass@morrisonmahoney.com
MORRISON MAHONEY LLP
10 Weybosset Street, Suite 900
Providence, RI  02903-7141
Phone:    401-331-4660
Fax:         401-351-4420

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the EFC System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below this 4th day of December, 2025.

*/s/ James C. Bass*

James C. Bass, Esquire (#10061)