# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

---

MTM DEVELOPMENT CORPORATION, and
PRESERVE PROPERTY MANAGEMENT
COMPANY, LLC,

    *Plaintiffs*,

v.

CAVALIER HOMES, INC. d/b/a CLAYTON
TINY HOMES, CAVALIER HOME
BUILDERS, LLC, CMH MANUFACTURING,
INC., and ABC CORPORATIONS 1-5,

    *Defendants*.

CIVIL ACTION NO.:
1:24-cv-00181-WES-PAS

---

**DEFENDANT CAVALIER HOMES, INC. dba CLAYTON TINY HOMES'S FIRST SET OF INTERROGATORIES TO MTM DEVELOPMENT CORPORATION**

Under Federal Rules of Civil Procedure 33, Defendant Cavalier Homes Inc. requests that Plaintiff MTM Development Corporation respond to the interrogatories below within thirty days of receipt. If any requested information or documents are withheld because you assert that they are protected by a privilege, then include a privilege log with your answers that complies with the requirements set forth in Federal Rule of Civil Procedure 26.

### DEFINITIONS

1. "You" or "Your" means Plaintiff MTM Development Corporation.

2. "Home 1" means the tiny home with serial number 4C9AA4240KA432117.

3. "Home 2" means the tiny home with serial number 4C9AA4748KA432116.

4. "Home 3" means the tiny home with serial number 4C9AA4242KA432118.

5. "Home 4" means the tiny home with serial number 4C9AA4246LA432141.

6. "Home 5" means the tiny home with serial number 4C9AA4746LA432150.

7. "Home 6" means the tiny home with serial number 4C9AA4247LA432035.

8. All other words should be given their plain English meaning.

103791129

## INTERROGATORIES

1. For each person answering these interrogatories, state each person's name, residential address, business address, employer, job title, and job duties.

2. For each person who provided information to You for your responses to these interrogatories, state each person's name, residential address, business address, employer, job title, and job duties.

3. State the name, residential address, business address, employer, job title, and job duties for each person likely to have discoverable information for this action.

4. State the name and business address for each business entity likely to have discoverable information for this action.

5. State whether You are the current owner of Home 1, Home 2, Home 3, Home 4, or Home 5. If You are not the owner of Home 1, Home 2, Home 3, Home 4, or Home 5, then state who is the current owner of each home for which You are not the owner.

6. If You transferred any ownership interest in Home 1, Home 2, Home 3, Home 4, or Home 5 to any other person or entity, state how You transferred Your interest and the value You received for the transfer of Your interest.

7. For Home 1, Home 2, Home 3, Home 4, and Home 5, state

   a. the construction deficiencies or damages that You allege each home was delivered with or that developed with each home during Your ownership of each home;

   b. the dates you notified any one of the Defendants of any of the alleged deficiencies or damages listed in *subpart a*;

   c. which alleged deficiencies or damages listed in *subpart a* have been repaired, the cost of each repair, who performed the work, and who paid the person or entity that performed the work;

   d. which alleged deficiencies or damages listed in *subpart a* remain unrepaired and the estimated cost to repair each unrepaired deficiency or item of damage;

   e. Each attempt to repair any alleged deficiency or item of damage listed in *subpart a* that You contend was unsuccessful, along with the cost of the attempted repair, who performed the work, and who paid for the work;

   f. Describe each aspect of the home that You contend is substandard in quality or the result of poor workmanship;

   g. The total loss of rental income you allege You suffered related to Home 1 and the exact dates during which you had a person or entity who wanted to rent Home 1 but was unable to do so because of an act or omission that you assign to any one of the Defendants;

2

103791129

    h.    Every modification to each home that You made, paid someone to make, or directed someone to make;

    i.    The amount of damages You allege are owed to You by Defendants for the construction deficiencies, damages, substandard quality, or poor workmanship you assign to the home.

8. State all the information on which You base your allegation that the "water heaters," "heating systems," "insulation," and "vapor barriers" of Home 1, Home 2, Home 3, Home 4, and Home 5 were "not suitable for year-round use and not suitable for Rhode Island's varying climate."

9. State each aspect of Home 4 and Home 5 that You allege does not conform to Home 6.

10. Describe each statement that any one of the Defendants made to You that you allege was untrue.

11. With respect to each expert witness You or Your attorney expect to call at trial, please state:

    a.    The name and present address of each person;

    b.    The subject matter on which each such expert is expected to testify;

    c.    The substance of the facts and opinions to which each such expert is expected to testify;

    d.    A summary of the grounds for each such opinion of each such witness.

103791129

**DEFENDANT CAVALIER HOMES, INC. dba CLAYTON TINY HOMES**

By its Attorneys,

**MORRISON MAHONEY LLP**

*/s/ James C. Bass*
*/s/ Jordan Z. Sasa*

James C. Bass, Esquire (#10061)
Jordan Z. Sasa, Esquire (#10580)
10 Weybosset Street, Suite 900
Providence, RI  02903-7141
Tel.: (401) 331-4673
Fax: (401) 351-4420
*jbass@morrisonmahoney.com*
*jsasa@morrisonmahoney.com*

**SIMPSON McMAHAN GLICK & BURFORD**

Nicholas B. Hoisington
*Admitted pro hac vice*
100 Concourse Parkway, Suite 310W
Hoover, AL 35244
Tel.: (205) 876-1600
*nickh@smgblaw.com*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below this 17th day of December, 2024.

*/s/ James C. Bass*

James C. Bass, Esquire (#10061)

4

103791129

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

MTM DEVELOPMENT CORPORATION, and
PRESERVE PROPERTY MANAGEMENT
COMPANY, LLC,

    *Plaintiffs*,

v.

CAVALIER HOMES, INC. d/b/a CLAYTON
TINY HOMES, CAVALIER HOME
BUILDERS, LLC, CMH MANUFACTURING,
INC., and ABC CORPORATIONS 1-5,

    *Defendants*.

CIVIL ACTION NO.:
1:24-cv-00181-WES-PAS

---

**DEFENDANT CAVALIER HOMES, INC. dba CLAYTON TINY HOMES'S FIRST SET OF INTERROGATORIES TO PRESERVE PROPERTY MANAGEMENT COMPANY, LLC**

Under Federal Rules of Civil Procedure 33, Defendant Cavalier Homes Inc. requests that Plaintiff Preserve Property management Company, LLC, respond to the interrogatories below within thirty days of receipt. If any requested information or documents are withheld because you assert that they are protected by a privilege, then include a privilege log with your answers that complies with the requirements set forth in Federal Rule of Civil Procedure 26.

### DEFINITIONS

1. "You" or "Your" means Plaintiff Preserve Property Management Company, LLC.

2. "Home 1" means the tiny home with serial number 4C9AA4240KA432117.

3. "Home 2" means the tiny home with serial number 4C9AA4748KA432116.

4. "Home 3" means the tiny home with serial number 4C9AA4242KA432118.

5. "Home 4" means the tiny home with serial number 4C9AA4246LA432141.

6. "Home 5" means the tiny home with serial number 4C9AA4746LA432150.

7. "Home 6" means the tiny home with serial number 4C9AA4247LA432035.

8. All other words should be given their plain English meaning.

103791553

**INTERROGATORIES**

1. For each person answering these interrogatories, state each person's name, residential address, business address, employer, job title, and job duties.

2. For each person who provided information to You for your responses to these interrogatories, state each person's name, residential address, business address, employer, job title, and job duties.

3. State the name, residential address, business address, employer, job title, and job duties for each person likely to have discoverable information for this action.

4. State the name and business address for each business entity likely to have discoverable information for this action.

5. State whether You are the current owner of Home 1, Home 2, Home 3, Home 4, or Home 5. If You are not the owner of Home 1, Home 2, Home 3, Home 4, or Home 5, then state who is the current owner of each home for which You are not the owner.

6. If You transferred any ownership interest in Home 1, Home 2, Home 3, Home 4, or Home 5 to any other person or entity, state how You transferred Your interest and the value You received for the transfer of Your interest.

7. For Home 1, Home 2, Home 3, Home 4, and Home 5, state

    a. the construction deficiencies or damages that You allege each home was delivered with or that developed with each home during Your ownership of each home;

    b. the dates you notified any one of the Defendants of any of the alleged deficiencies or damages listed in *subpart a*;

    c. which alleged deficiencies or damages listed in *subpart a* have been repaired, the cost of each repair, who performed the work, and who paid the person or entity that performed the work;

    d. which alleged deficiencies or damages listed in *subpart a* remain unrepaired and the estimated cost to repair each unrepaired deficiency or item of damage;

    e. Each attempt to repair any alleged deficiency or item of damage listed in *subpart a* that You contend was unsuccessful, along with the cost of the attempted repair, who performed the work, and who paid for the work;

    f. Describe each aspect of the home that You contend is substandard in quality or the result of poor workmanship;

    g. The total loss of rental income you allege You suffered related to Home 1 and the exact dates during which you had a person or entity who wanted to rent Home 1 but was unable to do so because of an act or omission that you assign to any one of the Defendants;

2

103791553

      h.    Every modification to each home that You made, paid someone to make, or directed someone to make;

      i.    The amount of damages You allege are owed to You by Defendants for the construction deficiencies, damages, substandard quality, or poor workmanship you assign to the home.

8. State all the information on which You base your allegation that the "water heaters," "heating systems," "insulation," and "vapor barriers" of Home 1, Home 2, Home 3, Home 4, and Home 5 were "not suitable for year-round use and not suitable for Rhode Island's varying climate."

9. State each aspect of Home 4 and Home 5 that You allege does not conform to Home 6.

10. Describe each statement that any one of the Defendants made to You that you allege was untrue.

11. With respect to each expert witness You or Your attorney expect to call at trial, please state:

      a.    The name and present address of each person;

      b.    The subject matter on which each such expert is expected to testify;

      c.    The substance of the facts and opinions to which each such expert is expected to testify;

      d.    A summary of the grounds for each such opinion of each such witness.

103791553

**DEFENDANT CAVALIER HOMES, INC. dba CLAYTON TINY HOMES**

By its Attorneys,

**MORRISON MAHONEY LLP**

*/s/ James C. Bass*
*/s/ Jordan Z. Sasa*

James C. Bass, Esquire (#10061)
Jordan Z. Sasa, Esquire (#10580)
10 Weybosset Street, Suite 900
Providence, RI 02903-7141
Tel.: (401) 331-4673
Fax: (401) 351-4420
*jbass@morrisonmahoney.com*
*jsasa@morrisonmahoney.com*

**SIMPSON McMAHAN GLICK & BURFORD**

Nicholas B. Hoisington
*Admitted pro hac vice*
100 Concourse Parkway, Suite 310W
Hoover, AL 35244
Tel.: (205) 876-1600
*nickh@smgblaw.com*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below this 17th day of December 2024.

*/s/ James C. Bass*

James C. Bass, Esquire (#10061)

4

103791553

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MTM DEVELOPMENT CORPORATION, and PRESERVE PROPERTY MANAGEMENT COMPANY, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>CAVALIER HOMES, INC. d/b/a CLAYTON TINY HOMES, CAVALIER HOME BUILDERS, LLC, CMH MANUFACTURING, INC., and ABC CORPORATIONS 1-5,<br><br>*Defendants*. | CIVIL ACTION NO.:<br>1:24-cv-00181-WES-PAS |

**DEFENDANTS CAVALIER HOMES, INC. dba CLAYTON TINY HOMES'S FIRST SET OF DOCUMENT REQUESTS TO MTM DEVELOPMENT CORPORATION**

Under Federal Rules of Civil Procedure 34, Defendant Cavalier Homes Inc. requests that Plaintiff MTM Development Corporation respond to the document requests below within thirty days of receipt. If any requested information or documents are withheld because you assert that they are protected by a privilege, then include a privilege log with your answers that complies with the requirements set forth in Federal Rule of Civil Procedure 26.

**DEFINITIONS**

1. "You" or "Your" means Plaintiff MTM Development Corporation.

2. "Home 1" means the tiny home with serial number 4C9AA4240KA432117.

3. "Home 2" means the tiny home with serial number 4C9AA4748KA432116.

4. "Home 3" means the tiny home with serial number 4C9AA4242KA432118.

5. "Home 4" means the tiny home with serial number 4C9AA4246LA432141.

6. "Home 5" means the tiny home with serial number 4C9AA4746LA432150.

7. "Home 6" means the tiny home with serial number 4C9AA4247LA432035.

8. "Communications" means all oral, written, or electronic communication, including, but not limited to, text messages, emails, instant messages, social media messages, letters, facsimiles, voice recordings and messages, and notes of phone conversations.

103791471

9. "Documents" means all written, printed, or electronic matter, including, but not limited to, Communications (defined above), photographs, writings, audio recordings, video recordings, measurements, analysis, opinions, memos, testing, sampling, expert reports, notes, comments, invoices, bills, receipts, estimates, statements, quotes, or determinations.

10. All other words should be given their plain English meaning.

**DOCUMENT REQUESTS**

1. Every agreement or contract between You and any Defendant,

2. Every agreement or contract between Your agents, representatives, or employees and any agent, representative, or employee of any Defendant.

3. All Communications between You and any Defendant.

4. All Communications between Your agents, representatives, or employees and any agent, representative, or employee of any Defendant.

5. All Communications between Brian Males and any Defendant.

6. All Communications between Brian Males and any agent, representative, or employee of any Defendant.

7. All Communications between Paul Mihailides and any Defendant.

8. All Communications between Paul Mihailides and any agent, representative, or employee of any Defendant.

9. All Communications between David Rodin and any Defendant.

10. All Communications between David Rodin and any agent, representative, or employee of any Defendant.

11. All Documents that reference or depict delivery of Home 1, Home 2, Home 3, Home 4, or Home 5.

12. All Documents that reference or depict Home 1, Home 2, Home 3, Home 4, Home 5, or Home 6.

13. All Documents that reference Communications with any Defendant.

14. All Documents included in any Communication with any Defendant.

15. All Documents included in any Communications with any agent, representative, or employee of any Defendant.

2

103791471

16. All Documents that reference Communications with any agent, representative, or employee of any Defendant.

17. All Documents that reference or depict any transaction with any Defendant.

18. All Documents that reference or depict any transaction with any agent, representative, or employee of any Defendant.

19. All Documents that you received from any Defendant as part of any transaction with any one of the Defendants.

20. All Documents you received from any agent, representative, or employee of any Defendant as part of any transaction with any Defendant.

21. All Communications with any person or entity about renting Home 1, Home 2, Home 3, Home 4, or Home 5.

22. All Communications between You and any person or entity that reference or depict Home 1, Home 2, Home 3, Home 4, Home 5, or Home 6.

23. All Documents that reference a transfer of ownership interest in Home 1, Home 2, Home 3, Home 4, or Home 5.

24. All Documents that reference or depict any alleged construction deficiencies or damages that you allege exist or that existed with Home 1, Home 2, Home 3, Home 4, or Home 5.

25. All Documents that reference or depict alleged poor workmanship or substandard quality that You attribute to Home 1, Home 2, Home 3, Home 4, or Home 5.

26. All Documents that reference or depict repairs to Home 1, Home 2, Home 3, Home 4, or Home 5.

27. All Documents that reference or depict an estimated cost for repairs to Home 1, Home 2, Home 3, Home 4,or Home 5.

28. All Documents that reference or depict payment for repairs to Home 1, Home 2, Home 3, Home 4, or Home 5.

29. All Documents that reference or depict Your alleged damages in this action.

30. All Documents that reference or depict any modifications to Home 1, home 2, Home 3, Home 4, or Home 5 that You made, paid someone to make, or directed someone to make.

3

31. All Documents relating to each person expected to be called as an expert witness at trial, including, without limitation:

    a. All Documents, other than draft reports, prepared by each expert witness;

    b. All Documents sent to each expert witness by Plaintiffs' counsel;

    c. All Documents relied upon by each expert witness;

    d. All Documents used, consulted, or reviewed by each expert witness;

    e. All Documents setting forth the compensation agreements between the Plaintiffs and each expert witness;

    f. All Documents used, relied upon, consulted, or reviewed by each expert witness in answering expert witness interrogatories;

    g. All Documents that have been or will be shown to each expert witness prior to trial testimony;

    h. All Documents, including a current curriculum vitae, used to establish each expert witness's qualifications for trial purposes.

32. All Documents used by You or any person who answered the interrogatories directed to You in this action to answer the interrogatories served on You in this action.

33. All Documents that reference or depict any warranty provided to You for Home 1, Home 2, Home 3, Home 4, or Home 5.

34. All Documents from any customer, client, member, or other individual that reference or depict Home 1, Home 2, home 3, Home 4, or Home 5.

4

103791471

**DEFENDANT CAVALIER HOMES, INC. dba CLAYTON TINY HOMES**

By its Attorneys,

**MORRISON MAHONEY LLP**

*/s/ James C. Bass*
*/s/ Jordan Z. Sasa*

James C. Bass, Esquire (#10061)
Jordan Z. Sasa, Esquire (#10580)
10 Weybosset Street, Suite 900
Providence, RI  02903-7141
Tel.: (401) 331-4673
Fax: (401) 351-4420
*jbass@morrisonmahoney.com*
*jsasa@morrisonmahoney.com*

**SIMPSON McMAHAN GLICK & BURFORD**

Nicholas B. Hoisington
*Admitted pro hac vice*
100 Concourse Parkway, Suite 310W
Hoover, AL 35244
Tel.: (205) 876-1600
*nickh@smgblaw.com*

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below this 17th day of December, 2024.

*/s/ James C. Bass*

James C. Bass, Esquire (#10061)

5

103791471

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---

| | |
|---|---|
| MTM DEVELOPMENT CORPORATION, and PRESERVE PROPERTY MANAGEMENT COMPANY, LLC,<br><br>  *Plaintiffs*,<br><br>v.<br><br>CAVALIER HOMES, INC. d/b/a CLAYTON TINY HOMES, CAVALIER HOME BUILDERS, LLC, CMH MANUFACTURING, INC., and ABC CORPORATIONS 1-5,<br><br>  *Defendants*. | **CIVIL ACTION NO.:**<br>**1:24-cv-00181-WES-PAS** |

---

**DEFENDANTS CAVALIER HOMES, INC. dba CLAYTON TINY HOMES'S FIRST SET OF DOCUMENT REQUESTS TO PRESERVE PROPERTY MANAGEMENT COMPANY, LLC**

Under Federal Rules of Civil Procedure 34, Defendant Cavalier Homes Inc. requests that Plaintiff Preserve Property Management Company, LLC, respond to the document requests below within thirty days of receipt. If any requested information or documents are withheld because you assert that they are protected by a privilege, then include a privilege log with your answers that complies with the requirements set forth in Federal Rule of Civil Procedure 26.

### DEFINITIONS

1. "You" or "Your" means Plaintiff Preserve Property Management Company, LLC.

2. "Home 1" means the tiny home with serial number 4C9AA4240KA432117.

3. "Home 2" means the tiny home with serial number 4C9AA4748KA432116.

4. "Home 3" means the tiny home with serial number 4C9AA4242KA432118.

5. "Home 4" means the tiny home with serial number 4C9AA4246LA432141.

6. "Home 5" means the tiny home with serial number 4C9AA4746LA432150.

7. "Home 6" means the tiny home with serial number 4C9AA4247LA432035.

103791559

8. "Communications" means all oral, written, or electronic communication, including, but not limited to, text messages, emails, instant messages, social media messages, letters, facsimiles, voice recordings and messages, and notes of phone conversations.

9. "Documents" means all written, printed, or electronic matter, including, but not limited to, Communications (defined above), photographs, writings, audio recordings, video recordings, measurements, analysis, opinions, memos, testing, sampling, expert reports, notes, comments, invoices, bills, receipts, estimates, statements, quotes, or determinations.

10. All other words should be given their plain English meaning.

**DOCUMENT REQUESTS**

1. Every agreement or contract between You and any Defendant,

2. Every agreement or contract between Your agents, representatives, or employees and any agent, representative, or employee of any Defendant.

3. All Communications between You and any Defendant.

4. All Communications between Your agents, representatives, or employees and any agent, representative, or employee of any Defendant.

5. All Communications between Brian Males and any Defendant.

6. All Communications between Brian Males and any agent, representative, or employee of any Defendant.

7. All Communications between Paul Mihailides and any Defendant.

8. All Communications between Paul Mihailides and any agent, representative, or employee of any Defendant.

9. All Communications between David Rodin and any Defendant.

10. All Communications between David Rodin and any agent, representative, or employee of any Defendant.

11. All Documents that reference or depict delivery of Home 1, Home 2, Home 3, Home 4, or Home 5.

12. All Documents that reference or depict Home 1, Home 2, Home 3, Home 4, Home 5, or Home 6.

13. All Documents that reference Communications with any Defendant.

14. All Documents included in any Communication with any Defendant.

2

15. All Documents included in any Communications with any agent, representative, or employee of any Defendant.

16. All Documents that reference Communications with any agent, representative, or employee of any Defendant.

17. All Documents that reference or depict any transaction with any Defendant.

18. All Documents that reference or depict any transaction with any agent, representative, or employee of any Defendant.

19. All Documents that you received from any Defendant as part of any transaction with any one of the Defendants.

20. All Documents you received from any agent, representative, or employee of any Defendant as part of any transaction with any Defendant.

21. All Communications with any person or entity about renting Home 1, Home 2, Home 3, Home 4, or Home 5.

22. All Communications between You and any person or entity that reference or depict Home 1, Home 2, Home 3, Home 4, Home 5, or Home 6.

23. All Documents that reference a transfer of ownership interest in Home 1, Home 2, Home 3, Home 4, or Home 5.

24. All Documents that reference or depict any alleged construction deficiencies or damages that you allege exist or that existed with Home 1, Home 2, Home 3, Home 4, or Home 5.

25. All Documents that reference or depict alleged poor workmanship or substandard quality that You attribute to Home 1, Home 2, Home 3, Home 4, or Home 5.

26. All Documents that reference or depict repairs to Home 1, Home 2, Home 3, Home 4, or Home 5.

27. All Documents that reference or depict an estimated cost for repairs to Home 1, Home 2, Home 3, Home 4,or Home 5.

28. All Documents that reference or depict payment for repairs to Home 1, Home 2, Home 3, Home 4, or Home 5.

29. All Documents that reference or depict Your alleged damages in this action.

30. All Documents that reference or depict any modifications to Home 1, home 2, Home 3, Home 4, or Home 5 that You made, paid someone to make, or directed someone to make.

3

103791559

31. All Documents relating to each person expected to be called as an expert witness at trial, including, without limitation:

    a. All Documents, other than draft reports, prepared by each expert witness;

    b. All Documents sent to each expert witness by Plaintiffs' counsel;

    c. All Documents relied upon by each expert witness;

    d. All Documents used, consulted, or reviewed by each expert witness;

    e. All Documents setting forth the compensation agreements between the Plaintiffs and each expert witness;

    f. All Documents used, relied upon, consulted, or reviewed by each expert witness in answering expert witness interrogatories;

    g. All Documents that have been or will be shown to each expert witness prior to trial testimony;

    h. All Documents, including a current curriculum vitae, used to establish each expert witness's qualifications for trial purposes.

32. All Documents used by You or any person who answered the interrogatories directed to You in this action to answer the interrogatories served on You in this action.

33. All Documents that reference or depict any warranty provided to You for Home 1, Home 2, Home 3, Home 4, or Home 5.

34. All Documents from any customer, client, member, or other individual that reference or depict Home 1, Home 2, home 3, Home 4, or Home 5.

4

103791559

**DEFENDANT CAVALIER HOMES, INC. dba CLAYTON TINY HOMES**

By its Attorneys,

**MORRISON MAHONEY LLP**

*/s/ James C. Bass*
*/s/ Jordan Z. Sasa*

James C. Bass, Esquire (#10061)
Jordan Z. Sasa, Esquire (#10580)
10 Weybosset Street, Suite 900
Providence, RI  02903-7141
Tel.: (401) 331-4673
Fax: (401) 351-4420
*jbass@morrisonmahoney.com*
*jsasa@morrisonmahoney.com*

**SIMPSON McMAHAN GLICK & BURFORD**

Nicholas B. Hoisington
*Admitted pro hac vice*
100 Concourse Parkway, Suite 310W
Hoover, AL 35244
Tel.: (205) 876-1600
*nickh@smgblaw.com*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants as listed below this 17th day of December, 2024.

*/s/ James C. Bass*

James C. Bass, Esquire (#10061)

5

103791559