UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| M.T.M. DEVELOPMENT CORP., et al., | : |
|     Plaintiffs, | : |
| | : |
| v. | :    C.A. No. 24-00181-MRD-PAS |
| | : |
| CAVALIER HOMES, INC. d/b/a | : |
| CLAYTON TINY HOMES, et al., | : |
|     Defendants. | : |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

      Now pending before the Court is Defendants' motion to take limited 30(b)(6) deposition(s) regarding a purported data breach. ECF No. 31. Based on the Court's review of the motion and the argument of the parties during the hearing, the Court finds that Plaintiffs failed timely to comply with basic discovery regarding damages based on lost of use and failed timely to advise Defendants that the failure to produce damages discovery was due to a data breach that caused the loss of backup data. The Court further finds that Defendants have presented evidence sufficient to demonstrate that the claimed damages may be overstated and that the lost data may contain information that is material to their defenses. In these circumstances, the Court finds that "discovery about discovery" is now appropriate, relevant and proportional. However, the Court also finds that Defendants' 30(b)(6) topics of inquiry are overbroad.

      Based on the foregoing, the Court orders that Defendants may immediately propound a new Interrogatory. This Interrogatory may be focused on the allegedly lost data from 2019 through 2022 supporting Plaintiffs' damage claim based on alleged loss of use/rental/profits, including without limitation:

      (a) what data was maintained at the time of the events in issue, where and by whom;

(b) the availability of that data at the time Plaintiffs became aware of the claim now in issue;

(c) the availability of that data at the time Plaintiffs filed the complaint;

(d) the availability of that data at the time Defendants issued discovery seeking its production; and,

(e) the availability of that data as of the present.

The Interrogatory may inquire regarding Plaintiffs' claim that it has failed to produce damages data based on a data breach, including without limitation, the degree to which the data in issue was impacted by the data breach and what alternative sources of the same data may still be available.

The Interrogatory answer shall be provided no later than February 27, 2026.  As of February 27, 2026, in light of the information provided in the Interrogatory answer, Defendants have leave to proceed with one or more (mindful that there are two Plaintiffs) 30(b)(6) depositions with designees able to testify on the topics covered by the Interrogatory answer.  The depositions may also include examination regarding when Plaintiffs' duty to preserve evidence supportive of their claim attached, when the data in issue was lost and whether additional steps might have resulted in preservation of the data.  The Court further orders that Plaintiffs may invoke attorney's-eyes-only protection for some or all of the Interrogatory answer and some or all of the 30(b)(6) transcripts, particularly to the extent that any information implicates the subject matter of a settlement or other agreement pertaining to the data breach.

Based on these limitations, the Court hereby grants in part and denies in part Defendants' motion, ECF No. 31, to take limited 30(b)(6) deposition(s) regarding the purported data breach.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 30, 2025